Booth, J.,
delivered the opinion of the court.
This case is now before us on a motion for a new trial, judgment having been awarded the claimant April 18, 1905. The suit is for the recovery of increased pay and allowances for the performance of shore duty beyond seas by a naval officer. The claimant is a civil engineer in the Navy by appointment of July 22, 1879. On September 1, 1898, he attained the relative rank of commander and on January 5, 1901, that of captain. While on duty at the naval training station, San Francisco, Cal., he was detailed for duty at Honolulu, H. I., reporting for duty at Honolulu July 26, 1900, and remaining in active service there until January 5, 1901, when he ivas relieved by another order from the'Navy Department and returned to the United States.
Section 13 of the navy personnel act of March 3, 1899 (30 Stat. L., 1007), provides as follows:
“ Sec. 13. That, after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive, the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank *10 in the Army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not apply to warrant officers commissioned under section twelve of this act: Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance •of law for officers of the Army detailed for duty in similar places.”
Claimant is not a commissioned officer of the line of the Navy or the Medical or Pay Corps, and his right to recover in this case is wholly dependent upon the construction given to the second proviso of the foregoing enactment. It is asserted in his behalf that the manifest intention of Congress in the enactment of this second proviso was to include within its operation all naval officers detailed for shore duty beyond seas, and should not be limited in its application to the class of naval officers enumerated in the enacting part of the statute.
The passage of this proviso was a distinct recognition of the' necessity for additional compensation for the performance of shore duty beyond seas by naval officers as well as army officers. The compensation ivas aAvarded because of the nature of the services to be performed and not the rank or class of the officer performing the same. It in no way attaches exclusively to the officer, but comprehensively to the service. It seems improbable that Congress would grant increased pay to one particular class of officers performing exceptional duty and withhold from other officers the same pay when performing like service in similar places.
In the case of the United States v. Thomas (195 U. S., 421) Mr. Justice Brown, in commenting upon the purposes of this proviso, uses this language:
“ Shore duty beyond seas being an exceptional duty, both to officers of the Army and Navy, and being probably attended by increased expenditures and dangers incident to a tropical climate, it is very natural that Congress should award them both increased compensation.”
This comment receives further confirmation by the enactment of the first proviso of the act of March 3, 1901 (31 Stat. L., 1108), providing:
*11 “ That officers of the Navy and officers and enlisted men of the Marine Corps who-have been detailed, or may hereafter be detailed, for shore duty in Alaska, the Philippine Islands, Guam, or elsewhere beyond the continental limits of' the United States, shall be considered as having been detailed for ‘ shore duty beyond seas,’ and shall receive pay accordingly, with such additional pay as may be provided by law for service in island possessions of the United States.”
It has likewise received the approval of the Comptroller of the Treasury' (7 Compt. Dec., 749) and has been followed by the Navy Department for the past six years, as shown by the Official Naval Register, page 129.
Nor is this construction of the statute in any way hostile to well-recognized rules of statutory construction. The principle o'f ejusdem generis, sought to be invoked by the defendant, is, to be sure, a well-recognized rule of statutory construction, available, as all others, in ascertaining the legislative intention. . It is not, however, inflexible, and must yield in its application when from an examination of the language employed in the context it is clear that no such limitation was intended by the lawmaker. To read into this proviso the word “ such ” after the word “ when ” would certainly confine its operation within much narrower limits than Congress intended and do violence to the general object and scope of the enactment; most certainly it would be inequitable and harsh.
It is true that the usual office of a proviso is to restrain or qualify some preceding matter, but when it is apparent from the words employed that the legislature designed a more comprehensive meaning it may be diverted from its usual functions and enlarge the general scope of the act; in fact, it may, if consonant with legislative intention, assume the functions of an independent enactment.
The first duty of the courts in construing a statute is to endeavor from the words and language used, to ascertain the legislative intent; if the words employed are free from ambiguity and doubt, they are to be taken in their usual and commonly accepted meaning. There need be no resort to extraneous rules of construction if from the language employed in the context of the enactment the legislative intent *12 is apparent. It seems clear that this legislation was especially intended to provide for all naval officers suitable compensation for the performance of this particular duty and forestall any injustice thatnnight obtain in the rate of pay allowed one class of officers in the Army or Navy to the exclusion of another class performing the same service. The assimilation of their pay was for the express purpose of avoiding discrimination and bringing them upon an equality as respects the saipe.
It seems clear to us that all naval officers detailed for the performance of shore duty beyond seas come within the operation of this second proviso and should be paid accordingly. The motion for a new trial will bo overruled.