BakNey, J.,
delivered the opinion of the court:
The claimant in this suit is a warrant officer (boatswain) in the United States Navy, who was assigned to duty by proper orders in the West Indies, where he served from December 1, 1905, until September 10, 1906, during which time he was paid at the rate of $1,600 per annum, the same being the regular shore-duty pay prescribed for boatswain after ,12 years’ service. (R. S., sec. 1566.)
This suit is now brought to recover the sum of $121.76, it being contended that that sum is due him as 10 per cent increase on his regular pay during the above period “for shore duty beyond the seas,” under the provisions of section 13 of the Navy personnel act. (30 Stat., 1007.) The proviso of that section relied on by the claimant in this suit is as follows:
“That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of laAv for officers of the Army detailed for duty in similar places.”
The sole question presented in this case is whether the above proviso applies only to commissioned officers, or whether it also includes warrant officers; hence the decision in this case turns upon the construction of the words “ naval officers ” as used in the first line of said proviso.
It is a familiar rule in the construction of statutes that in order to determine the intent and meaning of words and phrases employed the whole statute should be considered. (Sutherland on Statutory Construction, sec. 239). The primary object of section 13 of the act of March 13, 1899, was to equalize and assimilate the pay of the commissioned officers of the Army and Navy. (United States v. Thomas, 195 U. S., 418.) The first clause accomplishes this purpose in one brief statement, followed by an unusual number of *351 provisos, some of which have no connection with the object in view and might more properly perhaps have been placed in separate sections. The proviso under consideration, however, is in furtherance and completion of the general object of the statute. The first clause, together with the first two provisos, is as follows:
_ “ That, after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not apply to warrant officers commissioned under section twelve of this act: Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army detailed for duty in similar places * *
It will be seen that the first clause states in general terms that the commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay as officers of corresponding rank of the Army; then follows, after one intervening proviso, the proviso under consideration, the purpose of which is to further accomplish this equalization of pay by providing for a particular case; that is, for service of officers beyond seas. Thus taking the whole statute as thus far quoted together, it seems to us beyond question that the “ naval officers ” mentioned in the last proviso are the same kind of officers mentioned in the first clause, i. e., commissioned officers. This view is further strengthened by the language of the last clause of the next proviso, which is as follows:
“ and that all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
If it had been intended to include warrant officers in the proviso under consideration by the use of the words “ naval *352 officers,” why were they particularly named in the very next proviso ?
Section 1342 of the Revised Statutes (Articles of War) provides that the word “ officer ” when used therein “ shall be understood to designate commissioned officers.” This statutory definition in that instance is at least persuasive that the officers of the Army mentioned in this proviso are commissioned officers only; and this being true it would seem necessarily to follow that the “ naval officers ” who are to be assimilated with them in pay for shore duty beyond the seas must also be commissioned officers.
The claimant relies much upon the decision of this court in the Prindle case (41 C. Cls., 8) in support of his contention in this case. This court in that case gave the statute under consideration a very liberal and broad construction in the direction of accomplishing its purpose, which was the equalization of the pay of the commissioned officers of the Army and Navy. The claimant in that case was a commissioned officer belonging to the Engineer Corps of the Navy, with an office of corresponding rank in the Army, and it was held that he came within the term “ naval officers ” used in the proviso we are considering. The claimant in that case belonged to the same class as to rank in the service as those mentioned in the first clause of section 13, and it was very properly held that taking into consideration the whole purview of the statute there was no l-eason why he should not be considered as belonging to the class of “ naval officers ” mentioned in this proviso. In that case there was a commissioned officer of corresponding rank with the claimant in the Army; but there is no officer in the Army corresponding in rank with a boatswain.
It may be true, and doubtless is true, that there is no good reason why noncommissioned officers, when thejr are on duty beyond the seas, should not receive an increase of pay as well as commissioned officers, but that is for Congress and not for the courts to determine. In our opinion Congress has made no such provision, and the petition must be dismissed.